IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RITA STRAND,
                    Plaintiff,

                                                            CV 06-1193-PK

                                                            FINDINGS AND
v.                                                          RECOMMENDATION


AUTOMOTIVE MACHINISTS PENSION TRUST,
                    Defendant.
_____

PAPAK, Magistrate Judge:

      Before the court is Plaintiff's Motion for Attorney Fees (#31).  For the reasons set forth

below, this court recommends that plaintiff be awarded attorney fees in the amount of

$45,068.33, and costs in the amount of $715.27.

## BACKGROUND

      Plaintiff Rita Strand is the surviving spouse of a participant in defendant Automotive

Machinists Pension Trust (the "Trust").  Upon the death of Strand's husband, the Trust asserted

that Strand had waived her statutory right to a survivor pension, arguing that an ambiguous

Page 1 - FINDINGS AND RECOMMENDATION

consent form signed by Strand was valid under ERISA and the Internal Revenue Code.  This

court determined that the waiver was invalid under applicable statutory provisions, *see* 29 U.S.C.

§ 1055(a); IRC § 401(a)(1 l)(A), and found that Strand was entitled to a 50% survivor benefit.

This court further determined that the Trust was entitled to an offset in the amount by which the

payments made by the Trust to Strand's husband during his lifetime exceeded the payments he

would have received had the Strands expressly elected in favor of the 50% survivor option.

Judge King therefore granted summary judgment in Strand's favor, and awarded her 50%

survivor benefits, and also granted in part the Trust's oral motion for summary judgment,

ordering that the damages award against the Trust be reduced by the total amount of the

overpayments made by the Trust to Strand's husband.

Strand now seeks attorney fees for time reasonably incurred in the course of litigating this

action, as well as an award of "fees-on-fees" for time incurred in preparing her fee petition.  The

Trust opposes Strand's petition, asserting that Strand is not entitled to fees as a prevailing ERISA

plaintiff and, in the alternative, that the petition seeks compensation for time not reasonably

incurred in connection with Strand's successful claim.

## DISCUSSION

**I       Plaintiff's Entitlement to Award of Attorney Fees**

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and

costs of action to either party."  29 U.S.C. § 1132(g)(1).  Applicable Ninth Circuit jurisprudence,

however, makes clear that a district court abuses its discretion if it declines to award a prevailing

ERISA participant or beneficiary her reasonable fees, absent "special circumstances [that] would

render such an award unjust."  *Smith v. Cmta-Iam Pension Trust*, 746 F.2d 587, 589 (9th Cir.

Page 2 - FINDINGS AND RECOMMENDATION

1984), *citing Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980); *see also Carpenters Health & Welfare Trust v. Vonderharr*, 384 F.3d 667, 673-674 (9th Cir. 2004) (reversible error to fail to award attorney fees where prevailing ERISA participant-plaintiffs were required to resort to litigation in order to vindicate their statutory rights).

When considering an ERISA litigant's entitlement to attorney fees, it is proper to evaluate the applicable circumstances within the context of a five-factor test adopted by the Ninth Circuit in *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980):

> [the courts] should consider these factors among others: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453. The Ninth Circuit has held that "the *Hummell* factors should be liberally construed in favor of protecting participants in employee benefits plans." *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1148 (9th Cir. 2003) (internal quotation marks omitted), *citing McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999).

Here, Strand is clearly entitled to an award of attorney fees. As to the first *Hummell* factor, culpability, the Trust became aware early in the history of this dispute that there was a problem with the wording of its consent and waiver forms, but nevertheless required Strand to resort to litigation in order to vindicate her rights. The consent form was facially ambiguous and on that basis invalid as a matter of law for ERISA purposes. The culpability factor therefore

weighs in favor of granting the fee petition[1].

As to the second and third factors, ability to pay and likelihood of deterrence, each clearly also weighs in Strand's favor. The Trust does not dispute its ability to pay, and shifting Strand's costs to the Trust will serve to remind this and other ERISA plans of the consequences of denying benefits on an improper basis.

The fourth factor, benefit to similarly situated beneficiaries, also suggests that Strand should receive an award of attorney fees. It is not disputed that the Trust has used the ambiguous form it relied upon in Strand's case with other plan beneficiaries. Strand's efforts to vindicate her rights have resulted in the Trust's decision to modify its form.

Finally, the fifth factor, the relative merits of the parties' positions, also weighs in favor of shifting Strand's fees to the Trust. Strand was entitled to judgment as a matter of law as to her claim, and while the Trust was entitled to an offset, in terms of dollar amounts the value of the offset claim amounted to a small fraction of the value of the denial of benefits claim.

For the foregoing reasons, this court recommends finding that Strand is entitled to an award of fees reasonably incurred in the course of litigating this action. In addition, Strand requests an award of "fees-on-fees," or the fees incurred in the course of preparing her petition and supporting documents. Because Strand is entitled to her reasonable attorney fees, as a matter of course she is also entitled to award of fees incurred in preparing her petition. *See D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1387-88 (9th Cir. 1990) (reasonable fee award in ERISA case included fees for motion to establish entitlement to fees).

---

[1]By so finding, I express no opinion as to whether the Trust acted in good or bad faith when it required Strand to be put to her proof in court. No showing of bad faith is required for an award of attorney fees under 29 U.S.C. § 1132(g)(1). *See*, *e.g.*, *McElwaine*, 176 F.3d at 1173.

**II        The Lodestar**

Determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986).

Strand's petition, as originally filed[2], requests compensation for 21.2 hours of time expended by attorney Daniel M. Ricks at an hourly rate of $300, 0.3 hours expended by attorney Susan E. Watts at an hourly rate of $300, 8.35 hours expended by attorney Daniel L. Keppler at an hourly rate of $300, 128.72[3] hours expended by attorney Melissa B. Kelleigh at an hourly rate of $240, 0.5 hours expended by paralegal Joyce A. Chenoweth at an hourly rate of $80, and 0.1 hours expended by paralegal Susan M. Dornfeld at an hourly rate of $80.  Thus, Strand's petition, as originally filed, requests $39,895.80 in attorney and paralegal fees.

In her reply memorandum, Strand requests compensation for an additional 2.1 hours of time expended by Ricks, 17.4 hours expended by Keppler, 19.9 hours expended by Kelleigh, and 0.4 hours expended by an unidentified timekeeper at an hourly rate of $240, all incurred in connection with preparing Strand's fee petition.  This amounts to a request for an additional $10,722 in attorney fees.

**A.        Hours Reasonably Expended in Litigation**

The Trust's opposition to Strand's petition focuses chiefly on the question of entitlement

---

[2]As discussed below, in her reply memorandum Strand modified her request to exclude certain hours objected to by the Trust.

[3]In fact, the petition indicates that attorney Kelleigh spent 131.52 hours of billable time on this litigation matter, but this number failed to exclude a 2.8 hour time entry for which Strand does not seek compensation.

rather than on the reasonableness of the hours expended by Strand's attorneys. With respect to the reasonableness of the time for which compensation is requested, the Trust argues, without significant specificity, that Strand should not receive fees for time spent during the pre-litigation administrative review phase of this dispute; that fees incurred in defending against the Trust's voluntarily withdrawn counterclaim could have been avoided had Strand's attorneys earlier communicated Strand's theory of defense to the Trust; and that Strand was successful only in her denial of benefits claim, not in her defense to the Trust's offset claim. Beyond and in addition to the objections filed by the Trust, however, this court acknowledges its responsibility to scrutinize Strand's fee petition independently to determine its reasonableness. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992).

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines numbers of hours reasonably expended in furtherance of the successful aspects of a litigation). Reasonable hours include only those for successful claims, or for claims closely related to successful claims. *See Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994).

### 1.    Litigation Hours

The Trust's argument with respect to hours spent in the administrative phase of this

Page 6 - FINDINGS AND RECOMMENDATION

dispute is well taken.  This court lacks discretion to award attorney fees for hours spent in the

administrative proceedings that preceded this action, notwithstanding the requirement that

plaintiff exhaust her administrative remedies before filing suit.  *See Cann v. Carpenters' Pension*

*Trust Fund*, 989 F.2d 313, 316-317 (9th Cir. 1993).  Therefore, all hours spent in pre-litigation

administrative proceedings, other than client interviews and other tasks that would otherwise

have been reasonably necessary to litigate this action, must be excluded.

On this basis, the Trust suggests exclusion of all time entries prior to June 8, 2006.  These

time entries reflect 8.8 hours recorded by attorney Ricks, 8.35 hours recorded by attorney

Keppler (after adjustment in accordance with voluntary reductions in attorney time set forth in

Strand's petition), and 6.68 hours recorded by attorney Kelleigh (as adjusted).  In reply, Strand

concedes that time spent in pursuing the administrative proceeding should be excluded from her

petition, but argues that some pre-litigation time was spent in legal research that was ultimately

used in litigation.  After review of the time entries in question, this court agrees with Strand that

some of the pre-litigation billing records reflect expenditures of time that were reasonably

necessary to pursue the denial of benefits claim that she successfully litigated, but disagrees in

some respects with Strand's proposed exclusion of 2.9 hours of Ricks' recorded time.

Specifically, because this court lacks discretion to award fees incurred in pursuing administrative

appeal, in addition to the entries flagged by Strand this court must also exclude time spent in

discussing settlement of the administrative proceeding and in preparing estimates of present

value for use during the pre-litigation time frame.  This court further notes that Strand

erroneously calculated her voluntarily reduction of Keppler's recorded time by deducting 5.1

hours from his total, without first adjusting the deducted hours by the same proportion by which

Page 7 - FINDINGS AND RECOMMENDATION

the relevant time entries had already been reduced.

This court therefore recommends that the following 4.6 hours of Ricks' time and 4.23 hours of Keppler's time (as adjusted) be excluded from the lodestar calculation, reflecting time expended in connection with an administrative proceeding rather than litigation:

| DATE | ATTORNEY | HOURS | TASK |
|---|---|---|---|
| Nov 9, 2005 | Ricks | 0.5 | Check plan's summary plan description for plan's benefit claim/appeal procedures (.2); telephone call with plan offices and plan attorney (.3). |
| Nov. 17, 2005 | Ricks | 0.8 | Calculate past payment amount and prepare estimate of present value of future pension payments. |
| Nov. 29, 2005 | Ricks | 0.2 | Letter to Automotive Machinist counsel. |
| Dec. 20, 2005 | Ricks | 0.1 | Telephone call with Mark Smith re: status of our claim. |
| Jan. 3, 2006 | Ricks | 0.3 | Telephone call with Mark Smith re: our position re: adequacy of consent and proposal that we work toward a settlement of the dispute. |
| Jan. 9, 2006 | Ricks | 0.2 | Conference with Dan Keppler re: preparation of letter to the plan explaining the legal basis for our position. |
| Jan. 11, 2006 | Ricks | 0.5 | Review and revise letter to plan counsel (.3); discuss letter with Dan Keppler (.2) |
| Jan. 14, 2006 | Ricks | 0.3 | Finalize correspondence to plan counsel re: settlement. |
| Jan. 27, 2006 | Ricks | 0.3 | Telephone call with Mark Smith re: plan's demands for administrative appeal as prerequisite to lawsuit (.2); * * * letter to Rita Strand re: settlement of her claim (.1). |
| Feb. 8, 2006 | Ricks | 0.3 | Review correspondence from Mr. Smith and Automotive Machinists Pension procedures on appeals (.1); begin draft of appeal (.2). |
| Feb. 13, 2006 | Ricks | 0.6 | Complete written appeal of benefit denial. |
| Jun. 1, 2006 | Ricks | 0.2 | Telephone call with Mark Smith to request outcome of Plan's consideration of appeal. |
| Jun. 5, 2006 | Ricks | 0.3 | Review decision of appeals committee (.1); letter to Ms. Strand advising her of decision (.2). |
| Jan 9, 2006 | Keppler | 0.6 | * * * outline and begin drafting memo |

Page 8 - FINDINGS AND RECOMMENDATION

| | | | |
|---|---|---|---|
| | | | explaining client's position (.8).  [(reduce by 25%)] |
| Jan 10, 2006 | Keppler | 2.03 | * * * continue drafting legal memo outlining arguments and position for awarding benefits to client (1.8); revise and edit same (.9).  [(reduce by 25%)] |
| Jan 11, 2006 | Keppler | 1.6 | Go over letter brief with DMR (.2); revise and edit letter brief re: waiver of benefits (1.2); analysis of claim strategy (.2). |

By contrast, the Trust's argument that Strand is not entitled to fees incurred in connection with defending against the Trust's counterclaim is not well taken.  In essence, the Trust asks this court to penalize Strand for failing to communicate her defense strategy to an adverse party prior to litigation.  Strand was successful in defending against the Trust's counterclaim, and this court should not second-guess a party's litigation strategy to the extent requested by the Trust.  This court therefore recommends inclusion in the lodestar calculation of all hours expended by Strand's attorneys in connection with defending the Trust's counterclaim.

Similarly unpersuasive is the Trust's suggestion that Strand's entitlement to fees is in question because she did not prevail as to the Trust's offset claim.  The Ninth Circuit has held that claims are related if they "involve a common core of facts *or* are based on related legal theories." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (emphasis original).  Here, the offset to which the Trust was ultimately held entitled arose out of precisely the same set of facts as underlay Strand's denial of benefits claim.  This court therefore recommends inclusion in the lodestar calculation of all hours expended by Strand's attorneys in connection with litigating the Trust's offset.

In addition to the foregoing recommendations, scrutiny of the billing records supporting the fee petition reveals a number of problematic entries.  First, the entries for attorney Kelleigh

reflect tasks that appear to be clerical, such as confirming that documents were filed, receiving

emailed court notices, and docketing deadlines.  Costs associated with clerical tasks are typically

considered overhead expenses reflected in the hourly billing rate, and are not properly

reimbursable.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or

secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs

them . . .  [the] dollar value [of a clerical task] is not enhanced just because a lawyer does it")

(citation omitted).  Time entries reflecting the performance of clerical tasks should therefore be

deducted from the totals listed in the fee petition.

For the foregoing reasons, this court recommends that the following 2.2 hours of

Kelleigh's time be excluded from the lodestar calculation, reflecting time expended in connection

with clerical tasks:

| DATE | ATTORNEY | HOURS | TASK |
|------|----------|-------|------|
| Oct. 11, 2006 | Kelleigh | .3 | Arrange to have paper copy of reply to counterclaim delivered to court (.1); verify that there is no filing fee required (.2). |
| Oct. 26, 2006 | Kelleigh | .2 | Prepare summary judgment documents to be filed. |
| Oct. 30, 2006 | Kelleigh | .2 | Receive notice from court of hearing date (.1); docket hearing date (.1). |
| Nov. 7, 2006 | Kelleigh | .5 | Receive emails from the court notifying parties of filing of defendant's cross-motion for summary judgment, supporting memorandum, concise statement of facts, and declaration of Bruce McKenzie (.4); * * * docket deadline (.1). |
| Nov. 14, 2006 | Kelleigh | .2 | Receive notice from court of change of hearing date (.1); update calendar and docket (.1) * * *. |
| Nov. 20, 2006 | Kelleigh | .1 | * * * receive email confirmations from the court of electronic filing (.1); * * *. |
| Nov. 27, 2006 | Kelleigh | .2 | Confirm that consent to magistrate was filed with court (.1); * * * calendar deadlines for PTO and ADR (.1). |
| Dec. 7, 2006 | Kelleigh | .2 | Review electronic filing notice (.2); * * *. |
| Feb. 28, 2007 | Kelleigh | .1 | * * * calendar deadline dates for filing objections and responses to objections (.1). |

| Mar. 21, 2007 | Kelleigh | .1 | Review notice from court re: filing of transcript. |
| Mar. 29, 2007 | Kelleigh | .1 | Receive electronic notice from court of referral to Judge King. |

Second, the time records for attorneys Ricks and Kelleigh reveal at least one instance of duplicative billing. The "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" mandated by the United States Supreme Court requires exclusion of redundant hours and of duplicated effort among timekeepers. *See Hensley*, 461 U.S. at 434 (an attorney's duty to exercise "billing judgment [mandates that] [h]ours . . . not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority") (emphasis original; citations and internal quotation marks omitted). Good billing judgment requires that time spent in conference among multiple attorneys be billed to only one of those attorneys. In this case, it is appropriate to exclude the duplicative hours billed by Kelleigh, the attorney commanding the lower billing rate.

For the foregoing reasons, this court recommends that the following 0.2 hours of Kelleigh's time be excluded as duplicative from the lodestar calculation:

| DATE | ATTORNEY | HOURS | TASK |
| --- | --- | --- | --- |
| Nov. 8, 2005 | Kelleigh | 0.2 | Conference with DMR re: legal research re: waiver. |

Third, the billing entries for attorneys Ricks and Kelleigh occasionally "fail to fully identify the subject of the work performed. Since it is plaintiff's burden to demonstrate that the compensation it seeks was for hours reasonably related to the litigation, such failure results in the disallowance of any hours for which the task is unclear." *Frevach v, Multnomah County*, 2001 U.S. Dist. LEXIS 22255, *45 (D. Or. 2001); *see also Hells Canyon Pres. Council v. United States Forest Serv.*, 2004 US Dist LEXIS 17113, *25 (D. Or. 2004) ("It is the fee claimant's burden to demonstrate that the number of hours spent was 'reasonably necessary' to the

litigation"), *citing Hensley*, 461 U.S. at 434.  All entries for which the task performed cannot be identified or for which the contribution of the task to Strand's successful litigation of her claim cannot be ascertained, are properly excluded.

For the foregoing reasons, this court recommends that the following 0.9 hours of Ricks' time and 1.2 hours of Kelleigh's time be excluded from the lodestar calculation, as expended in connection with inadequately specified tasks:

| DATE | ATTORNEY | HOURS | TASK |
|------|----------|-------|------|
| Nov. 16, 2005 | Ricks | .4 | Additional legal research. |
| Jun. 8, 2006 | Ricks | .3 | Telephone call with Rita Strand re: [REDACTED]. |
| Feb. 27, 2007 | Ricks | .1 | * * * telephone call with Ms. Strand [REDACTED]. |
| Aug. 25, 2006 | Ricks | .1 | Telephone call with Ms. Strand re: [REDACTED] (.05); check court materials (.05). |
| Sep. 27, 2006 | Kelleigh | .1 | * * * draft letter to client [REDACTED] (.1); * * *. |
| Oct. 16, 2006 | Kelleigh | .1 | * * * draft letter to client [REDACTED] (.1); * * *. |
| Oct. 20, 2006 | Kelleigh | .4 | * * * review [REDACTED] sent by client (.4); * * *. |
| Oct. 25, 2006 | Kelleigh | .2 | Draft letter to client [REDACTED] |
| Nov. 9, 2006 | Kelleigh | .1 | Draft letter to client [REDACTED] |
| Nov. 15, 2006 | Kelleigh | .1 | * * * draft letter to Ms. Strand [REDACTED] (.1). |
| Dec. 5, 2006 | Kelleigh | .1 | Telephone call from client re: [REDACTED]. |
| Feb. 28, 2007 | Kelleigh | .1 | * * * draft letter to client [REDACTED] (.1) * * *. |

In addition to the recommendations above, the billing records submitted by Strand in support of her petition for fees incurred in litigating this action include 0.7 hours of attorney Ricks' time and 16.1 hours of attorney Kelleigh's time expended in connection with preparing Strand's fee petition.  While Strand is entitled to award of fees compensating this time, the following time entries should properly be considered in connection with Strand's request for fees-on-fees, and not for purposes of the present analysis:

| DATE | ATTORNEY | HOURS | TASK |
|------|----------|-------|------|
| Mar. 1, 2007 | Kelleigh | 3.4 | Review rules regarding attorney fee petitions and cost bills (.7); review rules regarding proposed fee judgments (.8); legal research regarding attorney |

|  |  |  | fees under ERISA (1.9). |
|---|---|---|---|
| Mar. 5, 2007 | Kelleigh | 4.1 | Begin preparing affidavit of Daniel M. Ricks in support of attorney fees and costs (1.8); review billing statement and verify rates (.4); begin preparing motion in support of attorney fees (1.9). |
| Mar. 6, 2007 | Ricks | .4 | Review and edit time records in preparation for fee petition. |
| Mar. 6, 2007 | Kelleigh | 3.6 | Obtain copy of Oregon State bar Economic Survey (.2); compare hourly rates (.3); expand DMR affidavit discussing reasonableness of hourly rates (.3); expand DMR affidavit to include costs (.3); create table detailing each cost and summarizing costs by type (.7); redact billing statements for submission with attorney fee petition (1.1); legal research re: authority for attorney fees (1.9). (reduce by 25%) |
| Mar. 7, 2007 | Kelleigh | 4.1 | Prepare Plaintiff's Bill of Costs (1.6); begin preparing Plaintiff's Motion for Attorney Fees (1.1); legal research re: right to attorney fees in ERISA cases (2.4). |
| Mar. 13, 2007 | Ricks | .3 | Conference with Melissa Kelleigh re preparation of proposed judgment terms. |
| Mar. 13, 2007 | Kelleigh | .9 | Legal research re: interest and calculations (1.2); prepare proposed language for Judge papak to include in order (.6); * * *.   (reduce by 50%) |

To summarize, Strand's petition, as originally filed, sought compensation for 21.2 hours of time expended by attorney Ricks, and 128.72 hours expended by attorney Kelleigh. As noted above, 0.7 hours of Ricks' time and 16.1 hours of Kelleigh's time should be considered in connection with the request for fees-on-fees, so these numbers should be reduced to 20.5 and 112.61 hours, respectively, for present analysis purposes. For the reasons set forth above, this court has recommended reduction of Ricks' claimed hours by 5.5, or from 20.5 to 15.0 hours, of attorney Keppler's claimed hours by 4.23, or from 8.35 to 4.12 hours, and of Kelleigh's claimed hours by 3.6, or from 112.61 to 109.02 hours.

Scrutiny of the billing records reveals no reason to deduct from the hours recorded by

attorney Watts or by paralegals Chenoweth and Dornfeld. This court therefore further recommends finding that Watts reasonably expended 0.3 hours, that Chenoweth reasonably expended 0.5 hours, and that Dornfeld reasonably expended 0.1 hours in connection with litigating this action.

### 2.    Fee Petition Hours

As noted above, in addition to the billing records submitted in connection with Strand's request for fees-on-fees, 0.7 hours of Ricks' time and 16.1 hours of Kelleigh's time will be considered for purposes of the fees-on-fees analysis rather than in connection with Strand's litigation fees, the purpose for which the relevant time entries were originally submitted.

Scrutiny of the above-identified billing records reveals a small number of problematic entries. First, Kelleigh's time entries again reflect tasks that appear to be clerical in nature. Time expended in such tasks must be excluded from the lodestar calculation. *See Jenkins*, 491 U.S. at 288 n.10. This court therefore recommends that the following 0.55 hours of Kelleigh's time be excluded from the lodestar calculation, reflecting time expended in connection with clerical tasks:

| DATE | ATTORNEY | HOURS | TASK |
|------|----------|-------|------|
| Mar. 6, 2007 | Kelleigh | .15 | Obtain copy of Oregon State bar Economic Survey (.2); * * *.  (reduce by 25%) |
| Apr. 5, 07 | Kelleigh | .2 | * * *; obtain copy of transcript bill to include in costs statement (.2); * * *. |
| Apr. 13, 07 | Kelleigh | .2[4] | * * *; convert documents to PDF (.4); * * * receive electronic confirmations of filings (.2); * * *. |

Second, the 0.4 hours incurred by an unidentified timekeeper should be excluded from the

---

[4]Because Strand has already requested, for unspecified reasons, that this time entry be reduced by 0.4 hours, it is appropriate to deduct only 0.2 hours from the total time entry in consequence of the exclusion of 0.6 hours expended on clerical tasks.

lodestar calculation.  Because it is the burden of the fee applicant to produce satisfactory

evidence that an attorney's requested hourly rate is in line with those prevailing in the community

for lawyers of reasonably comparable skill and reputation in the performance of comparable legal

services, *see Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987), and because the

fee petition provides no basis for determining the skill, experience, or reputation of the

timekeeper in question, these hours cannot be considered in connection with Strand's request for

attorney fees.  This court therefore recommends that the following 0.4 hours be excluded from

the lodestar calculation, as expended by an unspecified timekeeper:

| DATE | ATTORNEY | HOURS | TASK |
|------|----------|-------|------|
| Apr. 24, 2007 | XX | .4 | print out opposition memorandum (.1); locate cases cited in opposition to attorney fees (.1); shepardize (.2). |

For the foregoing reasons, this court recommends reduction of attorney Kelleigh's

claimed hours by 0.55, or from 36.0 to 35.45.  Because scrutiny of the billing records reveals no

reason to deduct from the hours recorded by attorneys Ricks or Keppler, this court therefore

further recommends finding that Ricks reasonably expended 2.8 hours and that Keppler

reasonably expended 17.4 hours.  As noted above, this court has also recommended exclusion

from the lodestar calculation of the 0.4 hours expended by an unidentified timekeeper.

### B.    Reasonable Rate

As noted above:

> The prevailing market rate in the community is indicative of a reasonable hourly
> rate. . . .  The fee applicant has the burden of producing satisfactory evidence, in
> addition to the affidavits of its counsel, that the requested rates are in line with
> those prevailing in the community for similar services of lawyers of reasonably
> comparable skill and reputation.

*Jordan*, 815 F.2d at 1262-1263, *citing Blum v. Stenson*, 465 U.S. 886, 895-897, 895 n. 11 (U.S.

1984).

Here, Strand offers the Oregon State Bar 2002 Economic Survey as evidence of the reasonable rates prevailing among Portland lawyers in private practice. In addition, Strand offers the declaration of attorney Ricks as to the years of experience of each of Strand's attorneys and as to the reasonableness of the rates requested. Strand requests an hourly rate of $300 for attorneys Ricks, Watts, and Keppler, of $240 for attorney Kelleigh, and of $80 for paralegals Chenoweth and Dornfeld. The Trust does not object to these rates.

Ricks and Watts have been members of the Oregon State Bar for approximately 29 and 30 years, respectively. According to the 2002 Economic Survey, the average hourly billing rate charged by Portland attorneys with 21-30 years' experience in the year the survey data was collected was $227, with a median rate of $225, a 75th percentile rate of $275, and a 95th percentile rate of $320.

Keppler has been practicing as an attorney since 1992. According to the 2002 Economic Survey, the average hourly billing rate charged by Portland attorneys with 13-15 years' experience in the year the survey data was collected was $189, with a median rate of $280, a 75th percentile rate of $219, and a 95th percentile rate of $293.

Kelleigh was admitted to the Oregon State Bar in 2000. According to the 2002 Economic Survey, the average hourly billing rate charged by Portland attorneys with 4-6 years' experience in the year the survey data was collected was $165, with a median rate of $158, a 75th percentile rate of $185, and a 95th percentile rate of $221.

With respect to the reasonableness of the rates requested for the two paralegals, the only evidence in the record before the court is Ricks' declaration that the requested $80 hourly rate is

Page 16 - FINDINGS AND RECOMMENDATION

reasonable "in light of the rates billed for other paralegals in Portland for civil litigation."

The rates requested for Ricks and Watts are close to the uppermost end of the range reported in the 2002 Economic Survey, but are below the 95th percentile. By contrast, the rates requested for Keppler and Kelleigh fall above the 95th percentile as reported in the 2002 Economic Survey. In this connection, however, it is worth noting that the range of rates provided in the 2002 Economic Survey includes hourly rates for attorneys who work part-time due to lack of legal work, and excludes from consideration such factors as skill and reputation, resulting in a systematic underestimation of prevailing market rates for skilled, full-time attorneys with good reputations. In addition, the data underlying the 2002 Economic Survey was approximately five years old at the time this action was litigated, and there is no suggestion that attorney rates have been immune to inflation over that time period. Given the outdated information underlying the 2002 Economic Survey's results and the methodology employed in its compilation, the survey can be of only limited utility in determining a ceiling for reasonable rates charged for work performed in 2005-2007.

As noted above, the record before this court includes Ricks' declaration, based on his personal knowledge of "fees customarily charged in Portland, Oregon," in connection with comparable disputes, that the requested rates are reasonable in light of each attorney's experience. Also as noted above, the Trust does not offer evidence to the contrary.

Because the 2002 Economic Survey is of limited utility in determining the maximum reasonable rate that may be charged, and because the only other evidence in the record suggests that the requested rates are reasonable in light of prevailing rates actually charged in the appropriate legal community, this court recommends finding that the requested hourly rates of

Page 17 - FINDINGS AND RECOMMENDATION

$300 for Ricks, Watts, and Keppler, $240 for Kelleigh, and $80 for Chenoweth and Dornberg are reasonable.

### C.    Calculation and Adjustment of the Lodestar Figure

#### 1.    Fees for Litigation

The product of the 15.0 hours reasonably expended by attorney Ricks in connection with litigating this manner and his reasonable rate of $300 is $4,500; the product of attorney Watts' reasonably expended 0.3 hours and her $300 rate is $90; the product of attorney Keppler's reasonably expended 4.12 hours and his $300 rate is $1,236; the product of attorney Kelleigh's reasonably expended 109.02 hours and her $240 rate is $26,164.80; the product of paralegal Chenoweth's reasonably expended 0.5 hours and her $80 rate is $40; and the product of paralegal Dornfeld's reasonably expended 0.1 hours and her $80 rate is $8.  Thus, the lodestar calculation results in a total of $32,038.80 in attorney and paralegal fees reasonably incurred in connection with litigating this action.

#### 2.    Fees-on-Fees

The product of the 2.8 hours reasonably expended by attorney Ricks in connection with preparing Strand's fee petition and his reasonable rate of $300 is $840; the product of attorney Keppler's reasonably expended 17.4 hours and his $300 rate is $5,220; and the product of attorney Kelleigh's reasonably expended 35.45 hours and her $240 rate is $8,508.  Thus, the preliminary lodestar calculation results in a total of $14,568 in attorney fees reasonably incurred in connection with preparing the fee petition.

The Ninth Circuit has approved arithmetic reduction of an award of "fees-on-fees" by the ratio of the fees actually awarded in the underlying fee dispute to the amount therein requested.

Page 18 - FINDINGS AND RECOMMENDATION

*See*, *e.g.*, *Thompson v. Gomez*, 45 F.3d 1365, 1366-1368 (9th Cir. 1995).  This court sees no reason to deviate from this reasonable procedure, and therefore recommends reducing the lodestar figure for fees-on-fees by the ratio of the lodestar figure calculated for litigation fees to the amount of fees requested in Strand's fee petition as originally filed in connection with litigating this action, or approximately 89.4%.  Thus, this court recommends finding that the appropriate lodestar figure for fees-on-fees is $13,029.53.

### 3.    Adjustment

It is the plaintiff's burden to prove the reasonableness of the lodestar amount.  *See Pennsylvania*, 478 U.S. at 563-64.  The factors that may properly be considered in determining and evaluating the lodestar figure include:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See*, *e.g.*, *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).  Only those factors which are applicable need be addressed.  *See*, *e.g.*, *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983).

It is within the discretion of this court to adjust the lodestar figure either:  (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36 (1983); or (2) upward in "rare" and "exceptional" cases, *Pennsylvania*, 478 U.S. at 565.  The presumption, however, is that the lodestar figure represents

a reasonable fee. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).  Here, the court is unaware of any circumstances to warrant adjustment of the lodestar figure, and neither party requests such adjustment.  The court therefore recommends an award of attorney fees in the lodestar amounts provided above, specifically $32,038.80 and  $13,029.53, resulting in a total award of $45,068.33.

**II      Costs**

Strand's petition seeks reimbursement for $219 in "expenses as attorney fees" and $511.50 in other costs incurred in connection with litigating this action, as well as $31.48 in "expenses" incurred in connection with preparing the fee petition.  The "expenses" include $46.71 in computer-assisted legal research charges.  The remainder of the expenses and costs reflect charges for duplicating documents, postage, long distance telephone calls, obtaining transcripts, and the fee for filing the action.  The Trust does not object to these costs.

As a general rule, this court does not allow reimbursement for costs incurred in connection with computer-assisted legal research.  *See First Interstate Bank of Or. v. United States*, 1995 US Dist LEXIS 8554, *4-5 (D. Or. 1995).  No statutory provision specifically lists computer research as a compensable cost, and generally such costs are considered overhead, to be reflected in an attorney's hourly rate. *See id.*

For the foregoing reasons, this court recommends that Strand be awarded costs in the total amount of $715.27.

## CONCLUSION

For the reasons set forth above, this court recommends that plaintiff Rita Strand be awarded attorney fees in the amount of $45,068.33, and costs in the amount of $715.27.

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due July 6, 2007.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 22nd day of June, 2007.

 /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge